IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: THOMAS WILLIAM GERHOLD  Debtor | : CHAPTER 13 :  : |
| JACK N. ZAHAROPOULOS STANDING CHAPTER 13 TRUSTEE | : :  : |
| vs. | : : |
| GARY J. IMBLUM, ESQUIRE  Applicant | :  : CASE NO. 1:19-bk-03204-HWV |

**TRUSTEE'S OBJECTION TO THIRD
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 25th day of August, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2) and Federal Bankruptcy Rule 2017, to the Third Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on August 9, 2022 and states as follows:

1. Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On July 26, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On August 9, 2022, Applicant filed his Third Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 55).

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2(c)

1

5. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

6. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting In re Thorn, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

7. Applicant's Third Fee Application requests $2,233.60 in compensation and reimbursement of expenses. (ECF No. 55).

8. Prior to the most recent fee request, Applicant has submitted two fee applications and been granted compensation and reimbursement of expenses in the amount of $4,385 since the confirmation of the first plan on February 13, 2020. (ECF No. 31, 41).

9. Additionally, Applicant received a retainer in the amount of $1,495 paid direct at the beginning of the case which would bring their total fees prior to their Third Fee Application to $5,880. The approval of Applicant's Third Fee Application would result in fees in the amount of $8,113.60 in this case including the retainer. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

10. The case has approximately 24 months remaining and is a 60-month plan with an above-median debtor.

2

11. The Trustee avers that the number of fee applications submitted thus far, in combination with the fees charged relative to the complexity of the case, are excessive. There do not appear to have been any issues presented in the case that were otherwise unique or beyond the ordinary administration of the case that would warrant compensation and expenses in the amount of $8,113.60 where the case has approximately two years remaining.

12. Further, the Third Fee Application includes charges for services that are administrative tasks that are not compensable but rather part of overhead costs including:

   a. On August 18, 2021 Paralegal charged 6 minutes in the amount of $13.50 for E-filing of 2nd Fee Application (#1660956);

   b. On March 11, 2022 Paralegal charged 6 minutes in the amount of $13.50 for E-filing of Response to Motion for Relief Re: Lakeview Loan Servicing, LLC. (#1684553).

13. Debtor was charged $27 for these tasks which are clerical in nature and should not be charged other than as overhead.

14. Finally, the last paragraph of Applicant's proposed order to grant the Third Fee Application violates both § 1325(a)(6) and LR 2016-2(d). Said paragraph reads as follows:

> Debtor's counsel agrees that the Chapter 13 Trustee need only pay the portion of the approved Attorney's fees and costs which will not result in the Plan being underfunded. *As to the remaining Attorney's fees and costs approved by this order, if Debtor does not amend his Plan in the future to provide for payment of same through the Chapter 13 Trustee, Debtor's counsel will offer Debtor a reasonable payment plan for payment of same.*

ECF No. 55-7 (emphasis added).

15. Although the fees in the present case do not underfund the plan, this language in the proposed order would require the Debtor to pay the Applicant's fees outside the plan through the use of a payment plan offered by the Applicant in the event the plan were not amended to allow for the Applicant's Fees. The payment of the fees through the plan is then conditioned on

whether or not an amended plan is filed, and any additional fees would then still be granted regardless whether or not the plan is funded to support the fees. Such a provision runs contrary to § 1325(a)(6), which states that a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "After the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

16. Accordingly, any language allowing for payment of fees outside of the plan should be excluded from the proposed order, especially here since the plan is fully funded even if the additional requested fees are allowed.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 25th day of August, 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Gary J. Imblum, Esquire
4615 Derry St.
Harrisburg, PA 17111
gary.imblum@imblumlaw.com

    /s/ Elizabeth Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097